PEOPLE ex rel. MORRELL v. WORTH, Police Commissioner.

(Supreme Court, Special Term, Kings County. January 13, 1896.)

POLICEMEN—APPOINTMENT—TERM OF OFFICE.

Laws 1893, c. 353 (providing for the appointment by the town board of Flatlands of a board of police commissioners, who shall "employ" such persons as they shall deem necessary as policemen of the town, and prescribe their compensation, except that the "salary" of the captain of police shall not exceed $1,500 per year, and that of each other policeman $1,000 per year), does not give the police board power to employ policemen by contract for a year; and therefore such a contract of employment by the board appointed under the act of 1893 is not binding on the commissioner appointed under Laws 1895, c. 675, amending the act of 1893, and providing that the town supervisor shall appoint a police commissioner, with the same power as to employing policemen and fixing their compensation as was vested in the police board by the act of 1893.

Application by Charles E. Morrell for a writ of mandamus to compel Lewis J. Worth, as police commissioner of the town of Flatlands, to reinstate relator in the position of policeman, from which he had been removed by defendant, and six other cases. Judgment for defendant.

F. K. Castner and Wm. H. Sloan, for plaintiff.

Elliott, Jones, Breckenridge & Dater, for defendant.

CLEMENT, J. The relator, in his alternative writ of mandamus, sets forth that the defendant, on or about July 1, 1895, without any authority of law, and in violation of a contract theretofore made on or about April 29, 1895, between the board of police commissioners of the town of Flatlands and the said Charles E. Morrell (whereby they employed him as a roundsman upon the police force of the town of Flatlands for the term of one year from January 1, 1895, at the yearly salary of $840 per year, payable in equal monthly payments during said term), and without any cause, summarily, arbitrarily, and wrongfully removed the said Morrell from the office of roundsman upon the police force of said town. It is also set forth that there were funds in the hands of defendant which were applicable to the payment of the salary of the said Morrell as the same accrued under said contract, and that the defendant has refused to reinstate the relator. The defendant was required to reinstate the relator, and pay him his accrued salary under said contract, or show cause why the command of the writ should not be obeyed. The defendant has demurred to the writ, and the question I have to decide is whether or not the facts set up entitle the relator to relief by mandamus.

At first, I propose to consider the pleadings in a technical way. It is difficult to tell, on the face of the writ, whether the relator claims that he is an employé or an officer. It is first claimed that the police commissioners employed Morrell under a contract for one year from January 1, 1895, at a yearly salary. Afterwards it is claimed that Morrell was removed from an office. If Morrell was employed under a contract, and did not hold an office, then it is clear that he is not entitled to a mandamus, under the authority of a case

recently decided by the general term of this department,—In re People v. Harmon (not yet officially reported) 36 N. Y. Supp. 331. Justice Brown there said:

"The appellant contends that his employment was under a valid contract, which continues until all the work under said act is completed. We agree with the special term that, if that claim is sound, the appellant has an adequate remedy at law, and is not entitled to a writ of mandamus. It is only where there is a clear legal right, and no adequate legal means for its enforcement, that a writ of mandamus is granted."

See, also, People v. Comptroller of the State, 20 Wend. 595, 599.

If Morrell intended to claim that he held an office, and was removed without cause, he cannot be reinstated by mandamus on the facts set up in the writ, because it is not clear that he was ever appointed to an office, and a fair inference from all the facts set forth is that the relator was simply employed under a contract for one year, by the police commissioner. He asks to be paid the money due him by the contract. It is not therefore necessary to consider whether or not mandamus is the proper remedy to reinstate an officer.

Having considered the pleadings technically, I now will review the main points argued before me, irrespective of any narrow construction of such pleadings. By chapter 353 of the Laws of 1893, the town board of Flatlands was authorized to appoint three citizens who should constitute the board of police commissioners of the town. By section 3 of said act, the said board had the power to "employ" such persons as they should deem necessary as policemen for said town, who should have the same powers and perform the same duties as constables of towns and policemen of the city of Brooklyn; and, by section 4 of said act, it was provided that the commissioners should prescribe the compensation to be paid to the policemen, except that the "salary" of the captain of police should not exceed the sum of $1,500 per year, and that of each other policeman the sum of $1,000 per year. In 1895, chapter 353 of the Laws of 1893 was amended, and such amendment became a law on May 14, 1895 (Laws 1895, c. 675). By the amended law, it was provided that the supervisor should, immediately after the passage of the act, appoint a citizen of said town as police commissioner; and by section 12 of the act it was directed that, immediately after the appointment and qualification of the new commissioner, the terms of office of the board appointed under the act of 1893 should cease. The new commissioner had also the same power as to employing policemen and as to fixing their compensation as is provided in the prior act. It seems to me very clear, after carefully reading the act of 1893 and the amendment of 1895, that the board of police commissioners had no power to employ the relator by contract for one year. If they employed the relator for one year, they did so at their own risk, and subject to the right of the legislature to repeal or amend the act from which they derived their authority. In other words, the contracts of employment made by the board are not binding on its successor. If the words "to employ," in the act of 1893, meant to designate or appoint, as would appear by the act consolidating Flatlands with the city (see section 6, c. 450, Laws 1894), then I am

of opinion that the contracts of employment are void. It was held, as far back as the year 1839 (People v. Comptroller of the State, 20 Wend. 595), and in a number of cases since, that, when the duration of an office is not fixed by law, the appointees hold during the pleasure of the authority making the appointments. When the defendant became the police commissioner of the town, he succeeded to the powers of the board appointed under the act of 1893, and had the same rights as if he had originally been appointed under that act. He could discharge the old force, whether employed or appointed, and could employ or appoint an entire new force. It is not for me to say that an injustice has been done to the men designated under the act of 1893, as I know nothing of the facts. It is presumed that an officer does his duty and acts for the best interests of the public, and the defendant is entitled to the benefit of that presumption.

Judgment for defendant. The question of costs will be determined on the settlement of the final order.

In re DALY, Commissioner.

(Supreme Court, General Term, Second Department. December 27, 1895.)

CONDEMNATION PROCEEDINGS—ALLOWANCE TO COUNSEL—POWERS OF COURT.
Laws 1893, c. 189, § 24, providing that, in proceedings to acquire real estate and sanitary protection for the sources of water supply of New York City, "such allowances for counsel fees as may be made by order of the court shall be paid," vests in the court the power to make allowances to counsel, and does not authorize the commissioners to do so.

Appeal from special term, Putnam county.

Application by Michael T. Daly, as commissioner of public works of the city of New York, for and on behalf of the mayor, aldermen, and commonalty of the said city, to acquire real estate, under Laws 1893, c. 189, for the purpose of providing sanitary protection to the water supply of said city. From an order granting an allowance to the attorneys of record, the city appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, J.

Francis M. Scott, for appellant.
A. J. Miller, for respondent.

PRATT, J. This is an appeal from an order made at special term involving the allowance made attorneys of record in this proceeding. The statute authorizing and regulating the proceeding provides that "such allowances for counsel fees as may be made by order of the court shall be paid," etc.[1] It is plain that the commissioners had no authority to fix any allowance, but the power was vested in the court. It was, therefore, a matter of discretion, to be fixed in view of all the circumstances. The sum allowed did not exceed the limit prescribed by section 3253 of the Code of Civil Procedure, and was not an abuse of the discretion vested in the judge

[1] Laws 1893, c. 189, § 24.